## JIM KENNEDY V. STATE.

No. 24167. November 24, 1948.
Rehearing Denied January 12, 1949.

Hon. J. O. Garrett, Judge Presiding.

*Ennis Favors*, of Stephenville, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is driving a motor vehicle upon a public highway while intoxicated. The punishment assessed is confinement in the county jail for a period of one hundred days and a fine of One Hundred and Fifty Dollars.

The statement of facts in this case is in question and answer form, which is not in accordance with the statute relative thereto. The trial court no doubt realized that the statement of facts in criminal cases must be in narrative form and sought to avoid the application of the law by certifying that the regular court

reporter was not available; that due to the inexperience of the stenographer who reported the evidence in this case, it was necessary that the statement of facts be in question and answer form in order to incorporate all proceedings herein presented in the trial court.

The reasons assigned by the trial court in his certificate is an attempt to enlarge the scope of Art. 760, Sec. 1, C. C. P., as amended in 1931, which requires that the statement of facts be in narrative form. Neither the trial court nor this court would be authorized to disregard the mandatory provisions of the statute. Consequently, the statement of facts cannot be considered by this court. See Webb v. State, No. 24,110, recently decided but not yet reported. (Page 439 of this volume.)

Appellant has a number of bills of exception in the record, but they cannot be properly appraised in the absence of a statement of facts.

All other matters appear to be regular. The judgment of the trial court is affirmed.

Opinion approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant contends in his motion that because of the inexperience of the reporter taking down the testimony in this case and the certificate of the judge trying the same to such reporter's inability to prepare a narrative form of statement of facts, that we should therefore consider the question and answer form of the statement of facts. He also contends that the failure to consider same deprives him of his rights under the law; that Art. 760, C. C. P., is merely directory, not mandatory. It will be noted that such Article 760, supra, in Section 7 thereof, provides for an independent statement of facts which may be prepared by the parties thereto, either from the notes of the reporter, or otherwise, and does not of necessity have to be made by the reporter, but could be made by the attorney, and of course, must be agreed to and approved by the proper parties. We cannot be expected to go through the 30 unnumbered pages of questions and answers for the reason that same comes to us so certified by the trial court because of the inability of the reporter to prepare a narrative form thereof.

The motion for a rehearing will be overruled.